## CURRY & PERSON *v.* C. A. C. HERLONG.

This was an action against the drawer of a draft. It was held that the notice of protest was insufficient to charge him.

Although the drawer may have no funds in the hands of the acceptor, yet, if upon taking up the bill he would be entitled to sue the drawee *or any other party on the bill*, as if he be an accommodation drawer for the drawee or *payee*, or any subsequent indorsee, then, and in every such case, he is entitled to strict notice of the dishonor.

APPEAL from the District Court of the parish of Jackson, *Richardson*, J. *McGuire & Ray*, cited 12 R. 231, 3 A. 248, 3 N. S. 147, 18 L. 418, 7 Ann. 225.

*Baker & Harrison* and *Dufour & Thompson*, for defendants and appellants, cited Story on Bills, 351-2-3; 10 Peters, 572; 9 L. 124, 19 L. 370.

LEA, J. The plaintiffs in this case bring suit against the drawer of a draft protested for non-payment at maturity. The defendant pleads the want of proper notice of non-payment.

It is urged on behalf of the plaintiffs that the notice of protest was properly given, and, moreover, that the defendant was not entitled to any notice, not having had any funds in the hands of the drawee, or any such relations or previous transactions with the drawee, as to justify a reasonable expectation that the bill would be paid for his account. The draft is dated at Trenton, in this State. It is shown that the drawer has resided for several years within four miles of the town of Vernon, which is the postoffice nearest to his residence, and that he receives his letters and papers at that place. It is shown that the residence of the defendant is distant twenty-four or twenty-five miles from Trenton. The notice of protest was directed to the defendant at Trenton, and it does not appear that the notary made any inquiry or used any diligence whatever to ascertain the drawer's residence. It is urged that in consequence of the notary's death, it is impossible to show what steps he took to ascertain the drawer's residence, but the rule of law is that a want of notice discharges the drawer, unless it is shown that upon the exercise of due diligence the domicil of the drawer could not have been ascertained. Even had an inquiry been made of the acceptors, (which nothing in the evidence renders probable,) the notary could not have obtained from them such an unequivocal statement that the residence of the drawer was in Trenton, as to create a reasonable belief of its correctness.

One of the acceptors, who testified as a witness, deposes that he had no knowledge of the defendant's residence, except such as he derived from a letter written to him by the payee. A reference to this letter shows that the defendant did not reside in Trenton, and it does not state where he resided.

We think, therefore, that the notice of protest was insufficient to charge the drawer.

The next question to be determined is, whether the drawer was entitled to notice. The rule of law in reference to the right of the drawer of a bill to a notice of protest, so far as applicable to the case at bar, is, that although the drawer may have no funds in the hands of the acceptor, yet if, upon "taking up the bill, he would be entitled to sue the drawee or any other party on the bill, as if he be an accommodation drawer for the drawee or payee, or any subsequent indorsee, then, and in every such case, he is entitled to strict notice of the dishonor." See Story on Bills, §311, 312.

In this case it is shown by the evidence that the draft was drawn by the defendant for the accommodation of the payee, and was received by the holders, who are also the plaintiffs in this case, directly from the payee, and was applied to the liquidation in part of a large indebtedness due by him to them. Of this fact the holders had full notice through their agent, Lane, upon whose suggestion the payee obtained the draft. It was known, also, to the plaintiff's agent, that the payee expected to provide funds with which to meet the acceptance at maturity. Under these circumstances the defendant's case comes within the recognized exceptions to the general rule which dispenses with notice of dishonor to a drawer who has no effects in the hands of the payee.

It is ordered that the judgment appealed from be reversed, and that there be judgment for the defendant with costs in both courts.